IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


Deckers Outdoor Corporation,    )
                                )
     Plaintiff,                 )
                                )
                                )
     v.                         )          No. 25 C 15281
                                )
                                )
AKEANH6X696JN et al.,           )
                                )
     Defendants.                )


<u>Memorandum Opinion and Order</u>

Plaintiff Deckers Outdoor Corporation makes shoes. Deckers has alleged that defendants, largely or entirely Chinese online retailers, are marketing counterfeit versions of one of its wares. Before me is defendant Litfun's combined motion to dismiss and for judgment on the pleadings or sanctions, as well as a subsidiary motion to strike. For the reasons that follow, I grant the former motion in part and deny the latter as moot.

1

## I.

Deckers, which makes and sells the UGG line of footwear, has alleged that the sixty-four defendants originally named in the complaint were marketing knockoffs of its Tasman slipper. This is a more-or-less typical "Schedule A" case.

In these cases, plaintiffs will name dozens or hundreds of defendants, generally in an attachment to the complaint titled Schedule A. Plaintiffs move for a temporary restraining order to freeze whatever assets are held in defendants' e-commerce accounts (usually operated through other companies' websites, like Amazon, Walmart, Temu, etc.). And plaintiffs move for substituted service by email, with both of these motions often taking place *ex parte*. Most defendants then fail to respond, a few settle, and the cases generally terminate in mass default judgments. *See*, *e.g.*, *Luxottica Group S.p.A. v. Partnerships and Unincorporated Associations Identified on Schedule A*, 391 F. Supp. 3d 816, 819–820 (N.D. Ill. 2019) (discussing Schedule A cases).

This method of litigation has been a response by rights-holders to widespread trademark, copyright, and patent infringement taking place largely within the People's Republic of China. While the early asset freezes allow the rights-holders to seize some of the counterfeiters' assets, the counterfeiters generally create new storefronts and start selling again. The

2

result is a kind of mass-litigation whack-a-mole which has failed to deal with the root of the problem, and which has in the process strained the limits of the Federal Rules of Civil Procedure. *See Eicher Motors Ltd. v. Partnerships and Unincorporated Associations Identified on Schedule A Hereto*, 794 F. Supp. 3d 543, 545-46 (N.D. Ill. 2025) (critiquing Schedule A litigation).

This case largely followed the usual pattern. Deckers filed its complaint on December 16, 2025, and moved for service by email two days later. Deckers served process by email, sixty-two defendants failed to respond, and Deckers moved for an entry of default against them. But Litfun—along with another defendant, whose pending motion I resolve in a separate memorandum—appeared.

Litfun has moved to dismiss or, in the alternative, for judgment on the pleadings or sanctions. The motion is based on two theories, each of whose resolution has troubled the district courts tasked with managing this Schedule A litigation.

The first of these theories concerns the permissibility of service of process in China under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. The Seventh Circuit recently addressed that question, which will make the resolution of Litfun's motion relatively straightforward. I will turn to that service of process theory, whose resolution will terminate this case, shortly.

But first, for the sake of context, I will outline Litfun's second theory, which concerns the way that some Schedule A plaintiffs litigate joinder. Deckers, Litfun says, has engaged in what it terms "pinching." Schedule A plaintiffs often join dozens or hundreds of defendants in the same lawsuit. Those suits are then sometimes assigned to judges who look critically on vague allegations that so many defendants can be properly joined under Federal Rule of Civil Procedure 20. When assigned to such a judge, the plaintiffs then "pinch" the case, meaning that they file an amended complaint under Rule 15 naming only one of the defendants. And they then file a new lawsuit naming all of the defendants that they just dropped by amendment. If this second case ends up in front of another skeptical judge, these plaintiffs pinch again, and they repeat the process until they arrive before a court more amenable to mass joinder.

Deckers pinched Litfun out of six identical cases before naming it again in this one.[1] Litfun argues that, although in each

---

[1] *See*:

   *Deckers Outdoor Corp. v. Assofine*, Dkt. No. 25-cv-9859, ECF 1 (complaint), ECF 10 (amended complaint dropping, *inter alia*, Litfun), ECF 26 (voluntary dismissal);

   *Deckers Outdoor Corp. v. AKEANH6X696JN*, Dkt. No. 25-cv-14717, ECF 1 (complaint), ECF 19 (amended complaint dropping, *inter alia*, Litfun), ECF 25 (voluntary dismissal);

instance it was dropped by amendment under Rule 15, I should treat those 'drops' as voluntary dismissals under Rule 41(a)(1)(A), apply the 'two dismissals' rule embodied in Rule 41(a)(1)(B),[2] and find that either the second, third, fourth, fifth, or sixth of the prior dismissals was with prejudice. That finding made, I would then have to find that *res judicata* bars this suit. Litfun argues in the alternative that this pinching scheme constitutes judge shopping, and that I should sanction that shopping with dismissal.[3]

--------

*Deckers Outdoor Corp. v. AKEANH6X696JN*, Dkt. No. 26-cv-14963, ECF 1 (complaint), ECF 10 (amended complaint dropping, *inter alia*, Litfun), ECF 16 (voluntary dismissal);

*Deckers Outdoor Corp. v. AKEANH6X696JN*, Dkt. No. 25-cv-15122, ECF 1 (complaint), ECF 9 (amended complaint dropping, *inter alia*, Litfun), ECF 13 (voluntary dismissal);

*Deckers Outdoor Corp. v. AKEANH6X696JN*, Dkt. No. 25-cv-15159, ECF 1 (complaint), ECF 10 (amended complaint dropping, *inter alia*, Litfun), ECF 16 (voluntary dismissal);

*Deckers Outdoor Corp. v. AKEANH6X696JN*, Dkt. No. 25-cv-15234, ECF 1 (complaint), ECF 9 (amended complaint dropping, *inter alia*, Litfun), ECF 12 (voluntary dismissal).

[2] Rule 41(a)(1)(B) reads:

"*Effect*. Unless the [voluntary notice of dismissal under Rule 41(a)(1)(A)] states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."

[3] *See*, *e.g.*, *Marshall Amplification PLC v. The Partnerships and Unincorporated Associations Identified on Schedule A*, Dkt. No. 1:25-CV-13829, ECF 22 (Minute Entry) (N.D. Ill. Jan. 12, 2026)

5

As it happens, I lack jurisdiction to pass on these latter two arguments, but I mention them to flesh out some procedural context and because Deckers may need to consider them as it decides whether and how to continue to proceed against Litfun.

## II.

I return now to the first theory at issue in Litfun's motion, concerning jurisdiction and service of process.

## A.

Federal Rule of Civil Procedure 4(h)(2) allows service on a foreign corporation by any manner prescribed in Rule 4(f). The first subsection of Rule 4(f) permits service of process "by any internationally agreed means...that is reasonably calculated to give notice, such as those authorized by the Hague Convention."

---

(Blakey, J.) ("Although joinder decisions may involve some measure of discretion, repeatedly naming the exact same group or subgroup of defendants in new cases until a case is assigned to a judge Plaintiff believes to be hospitable to Plaintiff's own theory of joinder constitutes a willful abuse of the judicial process. If Plaintiff had a good faith factual and legal basis to join these defendants, it could have pressed its position in any of the prior cases before the assigned judge (and appealed in due course if appropriate), but it declined to do so. Instead, when challenged, Plaintiff cut and ran, then filed a new suit, seeking to join the same parties based upon the same allegations. That strategy not only constitutes an egregious form of forum shopping, it also consumes scarce judicial resources, as Plaintiff asks judge after judge to make the same exact determination, hoping for a more favorable outcome. Based upon Plaintiff's abuse of the judicial process, the Court dismisses this case with prejudice.").

6

Rule 4(f)(3) then provides a broad fallback, permitting service "by other means not prohibited by international agreement, as the court orders." Under its first article, the Hague Convention applies where there is a need to serve process abroad and where the defendant's address is known.[4] Courts in this circuit have "long recognized that valid service of process is necessary in order to assert personal jurisdiction over a defendant." *Mid-Continental Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991).

Litfun asks me to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2), arguing that substituted service by email was unlawful under the Hague Convention, thus invalidating Deckers's service and depriving me of personal jurisdiction. Deckers responds that: (1) email service under the Hague Convention is lawful; and (2) that the Hague Convention did not apply because Liftun's address was unknown.

The Seventh Circuit recently shot down Deckers's first argument and held that email service on a Chinese defendant with

---

[4] The Hague Convention is codified at 20 U.S.T. 361, but its text can be found (along with lists of member states and their declarations, committee reports, and other information) at the website of the Hague Conference on Private International Law. https://www.hcch.net/en/instruments/conventions/full-text/?cid=17.

a known address is impermissible under the Hague Convention. *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co., Ltd.*, ---F.4th---, 2026 WL 1502198, at *5-*7 (7th Cir. May 29, 2026). And I recently addressed Deckers's second contention, about known and unknown addresses under the Hague Convention, in another case. *See Deckers v. A AO et al.*, 2026 WL 1802901, at *3-*5 (N.D. Ill. June 23, 2026).[5] As is clear from the caption, Deckers was the plaintiff in that case, and given that the arguments, filings, and representations Deckers submitted there were virtually identical to those it submits here, I refer the parties to that memorandum and will only briefly summarize in this one.

The Hague Convention, under Article I, applies to any service on a foreign defendant with a known address. To show that a defendant's address is "not known," the plaintiff must either "make reasonably diligent efforts to ascertain" the address or, if an address has been provided, to attempt to verify it. *NBA Props., Inc. v. Partnerships & Unincorporated Associations Identified in Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021), *aff'd sub nom. NBA Props., Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022).

---

[5] For readers interested in the first Hague Convention issue, my previous opinion also treated that in much more depth than I do here. *Deckers v. A AO et al.*, 2026 WL 1802901 *2-*3 (N.D. Ill. June 23, 2026).

Litfun's Walmart store page displayed an address. ECF 2-2 at 2. When Deckers moved for substituted service by email, rather than detailing its reasonably diligent efforts to verify that address, Deckers instead explained why it would be more expedient not to. ECF 13 at 2-3. This is insufficient. *Lojek v. Henan Ocean Power Housewares Co. Ltd.*, 818 F. Supp. 3d 1245, 1253 (W.D. Wash. 2026). Deckers has submitted some evidence of diligence as a response to the motion to dismiss, but that evidence should have been in the motion for substituted service, not presented afterwards in response to a motion to dismiss. *Deckers v. A AO et al.*, 2026 WL 1802901, at *4-*5.

The Hague Convention applies here and, under that convention, Deckers's service of process by email was impermissible.

**B.**

Deckers next argues that, even if service was improper under the Hague Convention, Litfun paired its motion to dismiss with a motion for judgement, thus forfeiting any objection to service and consenting to jurisdiction.

Defendants can waive a personal jurisdiction defense by failing to raise it in their first responsive pleading or, after raising it, by failing to litigate it and consenting to jurisdiction by proceeding to the merits of the case. *Blockowicz v. Williams*, 630 F.3d 563, 566 (7th Cir. 2010). Asserting other

Rule 12(b) defenses alongside a motion to dismiss for lack of personal jurisdiction will not waive the objection as long as a defendant pursues that objection. *See, e.g. Small v. Anchorage Homeowners Ass'n, LLC*, 2019 WL 1317636, at *3 (S.D. Ind. Mar. 21, 2019) ("The fact that [defendant] also addressed the merits of Plaintiff's claims does not operate as a waiver of its lack of personal jurisdiction argument.").

Because Litfun has diligently pursued its personal jurisdiction objection, it has not consented to my exercise of jurisdiction.

## C.

I addressed Litfun's jurisdictional argument first because "jurisdiction is a threshold requirement that must be satisfied before a court can pass judgment on the merits." *Rawlins v. Select Specialty Hosp. of Nw. Ind., Inc.*, 2014 WL 1647182, at *2 (N.D. Ill. Apr. 23, 2014). Having decided that argument in Litfun's favor, I dismiss the case and do not proceed to its joinder and *res judicata* arguments. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *United States v. Rachuy*, 743 F.3d 205, 211 (7th Cir. 2014) (citations omitted).

**IV.**

I grant Litfun's motion pursuant to Rule 12(b)(2) and dismiss. I deny the remainder of Litfun's motion and its separate motion to strike parts of a declaration, as moot.

As this is the first dismissal before me, it is without prejudice. But I am aware that this is the seventh dismissal before a federal judge. If Deckers is inclined to refile, I would caution that strict attention should be paid to the requirements of the Hague Convention, the rules of joinder, and the court system's aversion to judge shopping.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge
Dated: June 26, 2026

11